UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN EDWARD KIRBY,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>WARDEN BRIETENBACH,<br><br>　　　　　　　　　　Respondents. | Case No. 3:24-cv-00002-ART-CSD<br><br>ORDER |

Petitioner John Edward Kirby has filed a counseled first amended petition (ECF No. 20) and now requests a stay while he litigates his second state habeas petition. ECF No. 42. Also pending are Respondents' Motion to Dismiss (ECF No. 39) and Motion to Seal (ECF No. 36) as well as Kirby's Motion to Extend (ECF No. 44.)

**I.    Background**

Kirby challenges a conviction pursuant to guilty pleas for burglary, grand larceny, property value greater than $3,500 or greater, and possession of stolen motor vehicle, properly value greater than $3,500 or greater. The state court sentenced Kirby to an aggregate term of 56 to 144 months.

Kirby filed a state habeas petition, and the state court denied relief and the Nevada Court of Appeals affirmed the denial of relief on appeal. Kirby filed his federal habeas petition. (ECF No. 1-1.) Following appointment of counsel, Kirby filed his first amended petition. (ECF Nos. 17, 20.) Respondents move to dismiss Ground Three as unexhausted. (ECF No. 39.) Kirby now moves for a stay to return to state court to exhaust Ground Three. (ECF No. 42.)

**II.   Discussion**

　　**a. Motion to Stay**

A district court is authorized to stay an unexhausted petition in "limited

circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in Rhines"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there's no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir.2008) (citing *Rhines*, 544 U.S. at 278).

Courts in this district have declined to prescribe the strictest possible standard for issuance of a stay. *See, e.g., Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* For example, "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Kirby asserts that he can overcome the procedural default of Ground Three in state court because his claim is based on newly discovered information that was not previously available. Respondents oppose, arguing that Kirby's alleged new evidence does not justify a stay. In addition, Respondents argue that a stay would be futile and wasteful because he cannot develop the record under *Shinn v. Ramirez*, 566 U.S. 366 (2022). They assert that Kirby is "do[ing] nothing more than present[ing] his documents in the state court and then return[ing] to this Court and alleg[ing] he was diligent in developing the state-court record." (ECF No. 43 at 4.)

The Court finds that Kirby has established good cause for a stay and abeyance of this proceeding as he has a colorable argument that he can make to the state courts to overcome the procedural bars of his unexhausted claim. The Court is unable to conclude that all of his claims are plainly meritless without conducting a merits analysis, including review of the trial transcripts and alleged new evidence. Accordingly, it is not perfectly clear whether Kirby has no hope of prevailing on at least one of his claims. *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) ("In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'") The Court notes that *Ramirez* does not concern the good cause requirement for a *Rhines* stay. The Court need not determine at this time whether it will entertain new evidence upon Kirby's return to this Court following a stay. There is also no indiciation that Kirby has intentionally engaged in dilatory litigation tactics. Accordingly, the Court grants Kirby's Motion to Stay these proceedings while he litigates his claim in state court.

The Court denies Respondents' Motion to Dismiss without prejudice to Respondents reasserting any and all defenses then applicable in a renewed motion to dismiss, following upon a scheduling order directing a response.

**b. Motion to Seal**

Respondents seek leave to file under seal (ECF No. 36): Exhibit 10, Mental Health Evaluation (ECF No. 37-1) and Exhibit 11, Salvation Army Program Information and Acceptance (ECF No. 37-2). The exhibits were sealed in the underlying criminal proceedings. Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect the petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, Respondents'

Motion to Seal is granted, and Exhibits 10 and 11 are considered properly filed under seal.

### c. Motion to Extend

Kirby seeks an extension of time to file his reply in support of his motion to stay. (ECF No. 4.) The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion.

## III. Conclusion

It is therefore ordered that John Edward Kirby's Motion to Stay Case (ECF No. 42) is GRANTED.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 39) is denied without prejudice to the reassertion of any and all defenses then applicable following the stay, following upon a scheduling order directing a response.

It is further ordered that this action is STAYED pending exhaustion of the unexhausted claims in the amended petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings. [1]

It is further ordered that the Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida,* 549 U.S. 327, 335 (2007).

1  It is further ordered that the Court will reset the briefing schedule upon reopening the case and lifting the stay.

It is further ordered that Petitioner's unopposed first Motion for Enlargement of Time (ECF No. 44) is granted *nunc pro tunc.*

It is further ordered that Respondents' Motion to Seal (ECF No. 36) is granted. Exhibits 10 and 11 are considered properly filed under seal.

DATED THIS 25th day November, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE